## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG   4 2009**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| **RALPH JOHN PREPETIT,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   **Criminal No. 04-353 (ESH)** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

Before the Court is petitioner's "Motion Pursuant to Federal Rule of Civil Procedure 60(b) for Relief from Judgment" and an affidavit in support of the motion. For the reasons set forth below, the Court will deny the motion.

Petitioner purports to file his motion pursuant to Federal Rule of Civil Procedure 60(b) to reopen his previously denied motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In support of his motion, he raises three claims: (1) he was denied compulsory process when this Court refused to issue an order to produce phone recording, papers, logs, documents, and tangible objects; (2) his § 2255 counsel rendered ineffective assistance by failing to subpoena records relevant to issues raised in an evidentiary hearing before this Court regarding alleged ineffective assistance of his trial counsel, by filing an inadequate § 2255 motion, and by failing to file a notice of appeal of the denial of the § 2255 motion; and (3) his sentence violated federal law.

Rule 60(b) permits a party to seek relief from a final judgment and request reopening of

the case in certain circumstances.  Specifically, pursuant to Rule 60(b), a court may relieve a

party from a final judgment, order, or proceeding upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

While petitioner does not specify the basis for his motion, he presumably is attempting to

proceed under subsection (b)(6), the catch-all provision, which gives the district court broad

latitude to relieve a party from a judgment for "any other reason that justifies relief" beyond those

specified in the other subsections of the rule.

However, because petitioner's Rule 60(b) motion challenges this Court's resolution of his

previous § 2255 motion on the merits, the motion must be construed as a successive § 2255

motion.[1]  *See In re Cunningham,* No. 07-3128, 2008 U.S. App. LEXIS 2913, at *1 (D.C. Cir.

Feb. 5, 2008) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005)) (motion styled as a petition

for writ of habeas corpus invoking Rules 60(b) and 54(b) construed as seeking leave to file a

successive § 2255 motion because it challenged the resolution of appellant's previous § 2255

---

[1]     Petitioner's claim that his sentence violated federal law was raised in his prior §
2255 motion.  Likewise, his claims that he was denied compulsory process and that his § 2255
counsel rendered ineffective assistance "in effect ask[] for a second chance to have the merits [of
his § 2255 claims for relief] determined favorably." *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.5
(2005).

motion on the merits).  As this Court has previously informed petitioner, prior to filing a

successive § 2255 motion, he must first seek certification in the D.C. Circuit.  *See* 28 U.S.C. §

2255(h) (requiring successive motions to be certified pursuant to § 2244 by "a panel of the

appropriate court of appeals").  Accordingly, petitioner's motion must be denied.

Moreover, even if petitioner's Rule 60(b) motion were not deemed a successive § 2255

motion, it must be denied because petitioner cannot demonstrate "extraordinary circumstances"

justifying relief under Rule 60(b)(6).[2]  *See Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007)

(noting that "courts should grant Rule 60(b)(6) motions only in 'extraordinary circumstances'"

(quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950))).

---

[2]     To the extent that petitioner's motion may be deemed as having been filed under
Rule 60(b)(1) on the ground of mistake, the motion also fails.  First, motions under Rule 60(b)(1)
must be filed no more than a year after the entry of the judgment or order or the date of the
proceeding from which relief is sought.  *See* Fed. R. Civ. P. 60(c)(1).  The Court denied
petitioner's original § 2255 motion based on sentencing errors and ineffective assistance of trial
counsel in Orders issued in 2006 and 2007.  (*See* Court's Memorandum Opinion and Order,
dated August 21, 2006 and Order, dated February 7, 2007.)  Accordingly, petitioner's latter two
claims, which attack his § 2255 counsel's performance and reassert the arguments from his
original § 2255 motion, are untimely.  Second, while the Court denied leave for petitioner to file
his "Motion for an Order to Produce Phone Recording, Papers, Documents and Tangible
Objects" on August 5, 2008, less than a year prior to the filing of the instant motion, that motion
was denied because the case was closed and the denial of petitioner's § 2255 motion was on
appeal.  Furthermore, petitioner filed a similar motion on appeal, which was also denied.  *See*
*U.S. v. Prepetit*, No. 07-3044, 2008 U.S. App. LEXIS 23110, at *1-*2 (D.C. Cir. Oct. 23, 2008).
Accordingly, petitioner is entitled to no further consideration of the motion to produce.

For the foregoing reasons, petitioner's Motion Pursuant to Federal Rule of Civil

Procedure 60(b) for Relief from Judgment will be denied.  A separate Order accompanies this

Memorandum Opinion.

ELLEN SEGAL HUVELLE
United States District Judge

Date: August 4, 2009