UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 04-0353 (ESH) |
| RALPH J. PREPETIT, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

After entering a plea of guilty in the above-captioned case, defendant Ralph J. Prepetit was convicted of access device fraud, in violation of 18 U.S.C. § 1029(a)(2). (*See* Judgment in a Criminal Case, May 2, 2005.) He was sentenced to 120 months imprisonment, three years of supervised release, and restitution in the amount of $1,120,516.00, to be paid at the rate of $300.00 per month. (*Id.*) He now moves the Court to reduce his term of imprisonment due to recent amendments to the United States Sentencing Guidelines and to reduce or suspend his obligation to pay restitution. (*See* Def.'s Mot to Reduce Sentence, Apr. 22, 2015 [ECF No. 105]; Def.'s Mot. to Reduce/Modify/Suspension Restitution Obligation, Dec. 10, 2015 [ECF No. 103]; Def.'s Mot. to Reduce Sentence, Dec. 21, 2015 [ECF No. 104].) For the reasons stated herein, his motions are denied.

**I. MOTIONS TO REDUCE TERM OF IMPRISONMENT**

Two of defendant's pending motions ask the Court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Defendant argues that he should receive a sentence reduction in light of Sentencing Guideline Amendments 791 and 792,[1] both of which altered Guideline § 2B1.1, the Guideline used to calculate defendant's offense level. At the time he was sentenced, defendant's base offense level was increased by 16 levels due to the amount of loss, *see* § 2B1.1(b)(1), and by 4 levels due to the number of victims, *see* 2B1.1(b)(2). Amendment 791 altered the "loss" table in § 2B1.1(b)(1) to account for inflation. Amendment 792 altered § 2B1.1(b)(2) "to better account for harm to victims, individual culpability, and the offender's intent." Defendant contends that if the amended Guideline § 2B1.1 were applied to him, the increase in his base offense level due to the amount of loss would drop from 16 to 14 and that the increase in his base offense level due to the number of and effect on victims would drop from 4 to 2, resulting in an overall decrease in his total offense level from 27 to 23, reducing his sentencing range to 84 to 105 months.

Even if defendant is correct that his sentencing range would be lowered under the amended § 2B1.1, he is not entitled to the relief he seeks because in order to obtain relief under § 3582(c)(2), the Sentencing Commission must also have decided that an amendment applies retroactively. *See* 28 U. S. C. § 994(u); U.S.S.G. § 1B1.10(a)(2); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to

---

[1] Although defendant's first motion refers to Guideline Amendment 783, it is clear from the record and the substance of his motions that the amendments he is relying on are, in fact, Amendments 791 and 792.

28 U.S.C. § 994(o )' and made retroactive pursuant to § 994(u)." (quoting 18 U.S.C. § 3582(c)(2))). Amendments 791 and 792 have not been made retroactive, *see* U.S.S.G. § 1B1.10(d) (2015),[2] and thus defendant is not entitled to a reduction in his term of imprisonment based on their enactment.[3]

## II. MOTION TO REDUCE, MODIFY OR SUSPEND RESTITUTION

Defendant has also filed a motion to reduce, modify or suspend his restitution obligation pursuant to 18 U.S.C. § 3664(k).[4] He asserts that the Court "failed to consider his ability to pay" when it awarded restitution and that his "future economic circumstances will be materially adversely affected" by his "present medical and mental diagnosis, as well as the high cost of life saving medication to treat his condition." (Mot. to Modify Restitution at 2.)

Generally, a court lacks the power to modify a restitution order except under the limited circumstances recognized in 18 U.S.C. § 3664(o).[5] *See United States v. Banks*, 62 F. Supp. 3d

---

[2] The amendments covered by § 1B1.10 are "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))." U.S.S.G. § 1B1.10(d).

[3] Defendant should be aware of this limitation. (*See* Order, Mar. 12, 2013 [ECF No. 101] (denying motion to modify sentence pursuant to non-retroactive amendment to the Guidelines); Order, Feb. 3, 2011 [ECF No. 93] (same).)

[4] This same motion was also filed in two other cases: No. 94-cr-0021 (D.D.C.) and No. 94-cr-0267 (D.D.C.).

[5] Other than adjustment under § 3664(k), § 3664(o) identifies the following means by which an order of restitution may be modified by a court: (1) it may "be corrected within fourteen days after sentencing for 'arithmetical, technical, or other clear errors,'" Fed. R. Crim. P. 35(a)"; (2) it "may be modified or corrected on appeal under section 3742"; (3) "it may be amended under section 3664(d)(5) because losses were not ascertainable at the time of sentencing"; (4) "the rate at which a defendant must make payments may be accelerated on default under sections 3572 and 3613A"; and (5) "under sections 3565 and 3614, a court may resentence or revoke the probation of a defendant who violates his probation conditions." *See United States v. Banks*, 62 F. Supp. 3d 125 (D.D.C. 2014).

3

125 (D.D.C. 2014). As defendant recognizes, one of those circumstances is if the order is "adjusted under section 3664(k)." 18 U.S.C. § 3664(o). Section 3664(k), though, provides only that a district court, upon receiving "notification of a material change in the defendant's economic circumstances" from the defendant, the United States or a victim, "may, on its own motion, or the motion of any party, including the victim, *adjust the payment schedule*, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k) (emphasis added). It does not authorize a court to permanently reduce or waive a restitution obligation. Accordingly, defendant's motion to reduce, modify or permanently suspend his restitution obligation is denied. To the extent defendant is anticipating being unable to comply with the $300.00 per month payment schedule upon his release from prison, his motion is denied as premature as it is impossible for the Court to determine what his "economic circumstances" will be at that time and whether they will have changed so as to warrant an adjustment in the payment schedule ordered at the time of sentencing.

*   *   *

Accordingly, it is hereby

**ORDERED** that defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [ECF Nos. 104 & 105] are **DENIED**; and it is further

**ORDERED** that defendant's motion to reduce or suspend his restitution obligation pursuant to 18 U.S.C. § 3664(k) [ECF No. 103] is **DENIED** without prejudice.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 7, 2016